OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff with several requests for relief, all of which are now moot except the motion to dismiss the counterclaim of the defendant seeking a declaratory judgment affirming the validity of a consent executed by plaintiff on May 24,1977 to the designation of Paul R Carlson and Marcia Lyn Carlson as the guardians of the infant children of the plaintiff and the defendant.
Defendant contends that the plaintiff cannot legally revoke the guardianship without the consent of the appointed guardians and the defendant because the guardianship was established by contracts which cannot be revoked by the unilateral act of one signatory.
On April 22, 1981, plaintiff executed, subscribed and acknowledged a revocation of his consent to the guardianship which was served on the defendant, a resident of Albany County, on May 6, 1981. The revocation and proof of service were filed in the Albany County Clerk's office on May 11, 1981.
Section 81 of the Domestic Relations Law, “Appointment of guardians by parent”, provides in part as follows: “and such consent may be revoked by such consenting parent at any time prior to the death of the other, by filing in the *476 office of the county clerk of the county in which said other then resides, a written revocation of such consent, subscribed and acknowledged by the person so revoking, with proof of service of a copy thereof on such other parent in the manner provided for service of a summons.”
Plaintiff contends that he has fulfilled all the requirements for the revocation of his consent to the guardianship and that the consent of the defendant or the designated guardians is not required.
This court must agree with the contentions of the plaintiff for this court is of the opinion that the guardianship of children can only be established by the parents pursuant to section 81 of the Domestic Relations Law. Therefore, this court must grant the plaintiff’s motion to dismiss the counterclaim seeking a declaratory judgment affirming the validity of consent of the plaintiff to the designation of Paul R. Carlson and Marcia Lyn Carlson as the guardians of the infant children of the plaintiff and defendant.
This court must further grant summary judgment to the plaintiff without the necessity of a cross motion pursuant to CPLR 3212, it appearing that plaintiff is entitled to summary judgment declaring that said consent is invalid, revoked and of no force or effect.